**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MARYLAND**

| | |
|---|---|
| **VICTORIA ANN BURTON**, Individually, and as Personal Representative of The Estate of Shane Burton<br>3804 Ravenwood Ave.<br>Baltimore, Maryland 21213<br><br>       **Plaintiff,**<br><br>*v.*<br><br>**STATE OF MARYLAND**<br>*Serve on: Dereck E. Davis, State Treasurer*<br>*80 Calvert Street*<br>*Annapolis, Maryland 21401*<br><br>**and**<br><br>**MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES**<br>*Serve on Carolyn J. Scruggs, Secretary*<br>*6852 4th Street*<br>*Sykesville, MD 21784*<br><br>**and**<br><br>**NURUDEEN MATTI, Warden of Maryland Reception, Diagnostic and Classification Center**<br>*Individually and in their official capacity*<br>550 E. Madison Street<br>Baltimore, MD 21202<br><br>**and**<br><br>**CYNTHIA BRISCOE, Assistant Warden of Maryland Reception, Diagnostic and Classification Center**<br>*Individually and in their official capacity*<br>550 E. Madison Street<br>Baltimore, MD 21202<br><br>**and**<br><br>**MICHELLE MANN, Chief of Security of Maryland Reception, Diagnostic and Classification Center** | Civil Action No. 1:24-cv-2445 |

*Individually and in their official capacity*
550 E. Madison Street
Baltimore, MD 21202

**and**

**ASHLEY WATTS,**
*Individually and in their official capacity*
550 E. Madison Street
Baltimore, MD 21202

**and**

**ASHLEY WATSON,**
*Individually and in their official capacity*
550 E. Madison Street
Baltimore, MD 21202

**and**

**OFC. MARCELLA SMITH**
*Individually and in their official capacity*
550 E. Madison Street
Baltimore, MD 21202

**and**

**SGT. JEREMIAH KINNEY**
*Individually and in their official capacity*
550 E. Madison Street
Baltimore, MD 21202

**and**

**SGT. LAUNCY OMONUA**
*Individually and in their official capacity*
550 E. Madison Street
Baltimore, MD 21202

**and**

**OFC. ALICIA JAMES**
*Individually and in their official capacity*
550 E. Madison Street
Baltimore, MD 21202

**Defendants.**

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Victoria Ann Burton, Individually, and as Personal Representative of the Estate of Shane Burton (*hereinafter*, "Plaintiff"), by and through undersigned counsel, and files this suit against Defendants, State of Maryland, Maryland Department of Public Safety and Correctional Services, Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashely Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua and Alicia James (*collectively*, "Defendants") and pursuant to § 3-901 through § 3-904 of the Courts and Judicial Proceedings Article of the Maryland Code Annotated, Maryland Rule 15-1001, and § 7-401(x) of the Estates and Trusts article, states the following in support thereof:

### THE PARTIES

1.      Shane Burton (*hereinafter*, "Decedent" or "Mr. Burton") was, at all times relevant, a prisoner of the State of Maryland in the custody of the Maryland Department of Public Safety and Correctional Services in the Maryland Reception, Diagnostic and Classification Center (*hereinafter*, "MRDCC"), located at 550 E. Madison Street, Baltimore, Maryland 21202.

2.      Victoria Ann Burton (*hereinafter*, "Plaintiff") is the mother and Personal Representative of the Estate of Shane Burton (199247) and an interested party to this action. Plaintiff was appointed Personal Representative of the Estate of Shane Burton (199247) on November 17, 2021. Plaintiff is an adult resident of the State of Maryland residing at 3804 Ravenwood Ave., Baltimore, Maryland 21213. Victoria Ann Burton is the primary beneficiary in this action pursuant to § 3-904(a) of the Courts and Judicial Proceedings Article.

3.      Defendant State of Maryland is a sovereign governmental entity that is responsible for the operation and oversight of correctional facilities within its jurisdiction. The

State of Maryland is named as a substitute party defendant as required by Maryland Annotated Code, *State Government Article Section 12-101. Et seq.*

4.      Defendant Maryland Department of Public Safety and Correctional Services (Maryland Correctional Services or "DPSCS") is an agency of the Maryland State Government and operates state correctional facilities and all housing dormitory units throughout Maryland, including MRDCC, where Decedent was housed on August 27, 2021. Defendant Maryland Department of Public Safety and Correctional Services was responsible for housing, protecting and upholding the constitutional rights of individuals detained in this facility, as well as supervising, commanding and overseeing staff members working at the facility.

5.      Upon information and belief, Defendant Nurudeen Matti, was, at all times relevant, the Warden of MRDCC where Decedent was being held as a prisoner of the State of Maryland and Department of Public Safety and Correctional Services. Defendant Nurudeen Matti, at all times relevant herein, was employed by the State of Maryland as the Warden of MRDCC.

6.      Upon information and belief, Defendant Cynthia Briscoe was, at all times relevant, the Assistant Warden of MRDCC where Decedent was being held as a prisoner of the State of Maryland Department of Public Safety and Correctional Services. Defendant Cynthia Briscoe, at all times relevant, was employed by the State of Maryland as the Assistant Warden of MRDCC.

7.      Upon information and belief, Defendant Michelle Mann was, at all times relevant, the Chief of Security of MRDCC where Decedent was being held as a prisoner of the State of Maryland Department of Public Safety and Correctional Services. Defendant Michelle Mann, at all times relevant, was employed by the State of Maryland as the Chief of Security of CMCF.

8.      Defendant Corporal Ashley Watts, at all times relevant, was an employee of the State of Maryland as a correctional officer of the Maryland State Department of Corrections, assigned to the MRDCC where Decedent was being held as a prisoner of the State of Maryland and Department of Public Safety and Correctional Services.

9.      Defendant Corporal Ashley Watson, at all times relevant, was an employee of the State of Maryland as a correctional officer of the Maryland State Department of Corrections, assigned to the MRDCC where Decedent was being held as a prisoner of the State of Maryland and Department of Public Safety and Correctional Services.

10.     Defendant Officer Marcella Smith, at all times relevant, was an employee of the State of Maryland as a correctional officer of the Maryland State Department of Corrections, assigned to the MRDCC where Decedent was being held as a prisoner of the State of Maryland and Department of Public Safety and Correctional Services.

11.     Defendant Sgt. Jeremiah Kinney, at all times relevant, was an employee of the State of Maryland as a correctional officer of the Maryland State Department of Corrections, assigned to the MRDCC where Decedent was being held as a prisoner of the State of Maryland and Department of Public Safety and Correctional Services.

12.     Defendant Sgt. Launcy Omonua, at all times relevant, was an employee of the State of Maryland as a correctional officer of the Maryland State Department of Corrections, assigned to the MRDCC where Decedent was being held as a prisoner of the State of Maryland and Department of Public Safety and Correctional Services.

13.     Defendant Officer Alicia James, at all times relevant, was an employee of the State of Maryland as a correctional officer of the Maryland State Department of Corrections,

assigned to the MRDCC where Decedent was being held as a prisoner of the State of Maryland and Department of Public Safety and Correctional Services.

14.     The Defendants were responsible for the operation of the MRDCC in a safe and proficient manner, with a duty to exercise reasonable care to protect the inmates of that institution, and provide proper and timely medical care, including Mr. Burton, and each Defendant is sued individually and in his/her official capacity. At all times mentioned in this Complaint, each Defendant acted under the color of State Law.

## JURISDICTION AND VENUE

15.     This matter arises from a wrongful death and survivorship claim and authorized by 42 U.S.C. 1983 and 1988 to redress the deprivation, under color of State Law, of rights secured by the Constitution of the United States and the Maryland Declaration of Rights, brought against the agents, staff, and employees of Defendant State of Maryland and Defendant Department of Public Safety and Correctional Services, arising from injuries sustained by Mr. Burton on August 27, 2021, at the MRDCC in Baltimore, Maryland. Defendants Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James violated Decedent 's rights under the Eighth Amendment of the United State Constitution. Defendants State of Maryland, Department of Public Safety and Correctional Services, Nurudeen Matti, Cynthia Briscoe, Michelle Mann Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James violated Decedent's corresponding right not to be subjected to cruel and unusual punishment under the Maryland Declaration of Rights; and allege that Defendants State of Maryland, Department of Public Safety and Correctional Services, Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney,

Launcy Omonua, and Alicia James otherwise violated Decedent's rights under the Maryland Declaration of Rights.

16.     Venue in this action properly lies in this court pursuant to 28 U.S.C. 1391 (b)(2) because the acts and omissions complained of occurred in the State of Maryland.

17.     Subject matter jurisdiction of this Court is involved pursuant to 28 U.S.C. § 1331 as this case arises under federal law under 42 U.S.C. § 1983 and § 1988.

18.     Personal jurisdiction and venue of this Court is invoked as Defendants caused tortious injury in the State of Maryland.

19.     Pursuant to Maryland Annotated Code, State Government Article Section 12-101 through 12-109, "Maryland Tort Claims Act", written notice to the Treasurer is not required as a condition precedent to the instant action. Section 12-106(c)(2) provides that the notice requirement set forth in "Subsection (b)(1) and (2) of [the] section does not apply if, within 1 year after the injury to the person or property that is the basis of the claim, the State has actual or constructive notice of: (i) the claimant's injuries; or (ii) the defect or circumstances giving rise to the claimant's injury." The State of Maryland was on notice of Plaintiff's claim and injury and further had notice of the circumstances culminating in the facility in which Decedent was housed. The matter was investigated by the State of Maryland through the Department of Public Safety and Correctional Services and the Maryland State Police starting on August 27, 2021.

20.     The Plaintiff hereby demands a jury trial on the allegations below.

## **FACTS COMMON TO ALL COUNTS**

21.     At all times relevant, Mr. Burton was an inmate housed in the MRDCC, a Maryland Department Public Safety and Corrections facility.

22.     This matter arises from a wrongful death and survivorship claim brought against the Defendants arising from injuries Mr. Burton suffered resulting in death on or about August 27, 2021, at the MRDCC.

23.     On or about August 27, 2021, Mr. Burton was an inmate housed at MRDCC.

24.     Upon information and belief, Mr. Burton and other inmates at MRDCC were housed in a two-tier unit with half the inmates on each floor.

25.     Upon information and belief, it was proper procedure and practice to only allow one floor of inmates out of their cells at a time in order for correctional officers to be able to properly and adequately monitor, supervise, and control the activity of the inmates according to the acceptable correctional officer to inmate ratio.

26.     On said date and time, upper tier inmates manipulated the locks on their doors, a method well-known to MRDCC correctional officers and supervisors referred to as "popping", in order to exit their cells without authorization to improperly gain access to the lower tier and specifically Mr. Burton's cell.

27.     Upon information and belief, the other inmates were able to "pop" the doors and exit their cells at a time they were not authorized to be out of their cells and to gain access to Mr. Burton's cell due to the correctional officers assigned to the unit not being on the unit as required to monitor, supervise, and control the inmates and their activities.

28.     Upon information and belief, corrections officers, employees of Defendant State of Maryland through Defendant Department of Public Safety and Correctional Services, including Defendants Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James knew the inmates

were improperly manipulating the locks on the doors within the facility to gain access to other cells and areas within the facility.

29.     Upon information and belief, Defendant State of Maryland and Defendant Department of Safety and Correctional Services failed to adequately staff MRDCC on August 27, 2021.

30.     Upon information and belief, Defendant Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and/or Alicia James was/were the correctional officers in charge of the building, floor and unit in question and was/were not at their post monitoring and supervising the inmates thus allowing the other inmates to improperly manipulate their locks and gain access to the lower tier and inside Mr. Burton's cell and to Mr. Burton himself.

31.     Upon information and belief, Defendant Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and/or Alicia James was/were not on the unit for at least 20 minutes.  During this time, after "popping" their cell doors, the other inmates entered the lower tier cell of Mr. Burton, closed his cell door, covered the door window to conceal activity within Mr. Burton's cell, and while certain inmates stood guard outside Mr. Burton's cell, other inmates violently assaulted and stabbed Mr. Burton numerous times with makeshift weapons used as knives, mortally wounding Mr. Burton.

32.     Upon information and belief, in the months and years prior to this subject attack on Mr. Burton, from prior investigations, it is a known practice that inmates, intending to harm other inmates, seek out materials at facilities within which they are incarcerated with which to fashion weapons in order to carry out their desired result, that other inmates had been injured by sharp, blunt and hard instruments in the same manner by other inmates obtaining and/or altering

implements and other objects, including rocks and "rocks in socks", with the perpetrators using said implements and objects obtained in and around facilities, including MRDCC, to inflict serious and life threatening injuries such that other inmates, including inmates at the MRDCC had sustained serious injury and on a number of occasions had been transported to the infirmary and/or hospital for treatment as a result of such attacks.

33.     Upon information and belief, at the time of the subject occurrence, the Defendants had foreknowledge that objects, implements, and rocks left accessible to inmates at   MRDCC could be used to cause serious harm, had already caused harm and continued to pose a serious threat to the inmates, yet notwithstanding such knowledge, and in disregard of the duty of care owed by each such Defendant to the Plaintiff, the Defendants never undertook any action to protect or safeguard inmates, and specifically Mr. Burton from risk of harm to him posed by the makeshift weapons or other objects left accessible to inmates around MRDCC that other inmates were able to use to attack Mr. Burton.

34.     The Defendants disregarded this threat to the inmates at MRDCC and failed to take proper action to protect and safeguard Mr. Burton and others from the risk of harm posed by makeshift weapons used as knives like the ones used to attack Mr. Burton.

35.     As a result of the attack, the Defendants searched the inmates and the cells of MRDCC and discovered the makeshift knives used to stab Mr. Burton.

36.     Following the brutal assault, battery and stabbing of Mr. Burton, many minutes went by before any correctional officer entered the unit and many more minutes transpired before anyone realized that something was amiss.

37.     Upon information and belief, Officer Smith responded to Mr. Burton's cell and had to unlock it with a key which took some time to find the correct key.  Upon entering, she

realized that Mr. Burton was lying on the ground wounded.  Officer Smith sent out an alert of the assault and awaited back up failing to render any aid to Mr. Burton during this time.  As other officers arrived, activity ensued to clear the area of inmates and observe the scene in Mr. Burton's cell.  During this extended time, no aid was rendered to Mr. Burton.  Finally, without any aid being rendered prior, emergency service personnel arrived and for the first time attended to Mr. Burton.

38.     Upon information and belief, the Defendants failed to promptly render aid to Mr. Burton, failed to properly and safely diagnose and treat Mr. Burton and rendered improper, negligent, and delayed treatment such that Mr. Burton suffered from severe injuries until he died from the injuries sustained in the attack.

39.     Upon information and belief, the Defendants knowingly and intentionally violated the standard practices and standards set for adult correctional facilities, and allowed a pattern of conduct to ensue unfettered by their failures, including, but not limited to, failing to correct locks on the cell doors to prevent "popping" by the inmates to come and go at will, failing to prevent inmates from obtaining objects with which to create makeshift weaponry, failing to protect inmates from attack by other inmates who use makeshift weaponry created from materials left accessible to the inmates, failing to properly staff the unit on which inmates were housed including Mr. Burton, failing to maintain proper correctional officer to inmate ratios, failing to provide sufficient, trained and qualified personnel to monitor, supervise, control and protect inmates, and failing to adequately assess Mr. Burton for his injuries and render timely and appropriate aid to him.

40.     Upon information and belief, the Defendants knew of understaffing issues, that inmates "popped" cell door locks thus circumventing lockdown times and exiting their cells at

will, and knew that objects left accessible to inmates around MRDCC were used to fashion

makeshift weaponry, all of which posed an excessive risk and danger to the safety of inmates,

including Mr. Burton, and despite this knowledge, each Defendant failed to correct these known

unsafe conditions by taking simple and self-evident precautions thus, the defendants willfully,

deliberately, maliciously, and with gross negligence and reckless disregard, chose not to take

reasonable steps to correct such unsafe conditions, leading to the brutal attack on Mr. Burton,

after which they failed to properly and timely medically treat Mr. Burton, thereby permitting the

subject assault on Mr. Burton to occur and result in Mr. Burton suffering great, severe, and

grievous injuries that left untreated caused his death.

**COUNT I – 42 U.S.C. 1983 (Wrongful Death)**
(Plaintiff v. Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson,
Marcella Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James)

41.    Plaintiff hereby realleges and incorporates by reference each of the allegations set

forth in paragraphs 1 through 39 as if the same were set forth at length herein.

42.    In committing the acts and omissions complained of herein, the Defendants,

Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson, Marcella

Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James acted under the color of state law, to

deprive Mr. Burton of his constitutionally protected rights under the Eighth Amendment and

Fourteenth Amendment to the Constitution of the United States, and of his civil rights afforded

by statute, *viz.*, 42 U.S.C. Section 1983, including, but not limited to, the right of reasonable

protection of Mr. Burton by the Defendants from harm or assaults with makeshift weapons, or

other objects obtained and altered into weapons by the fellow inmates at MRDCC who were able

to exit their cells at will by "popping" their doors and gain unauthorized access outside of their

cells and to other inmates' cells, including Mr. Burton's, and violently attack, assault and commit

battery upon inmates, including Mr. Burton, and further by failing to come to the aid and providing appropriate and timely life-saving medical care and support to Mr. Burton.

43.     Defendants Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James were responsible for the operation, control, safety, and security of MRDCC and the inmates housed therein, as well as providing and rendering aid to inmates at MRDCC.

44.     The Defendants were deliberately indifferent and grossly negligent in respect of their non-delegable responsibility and obligation to protect Mr. Burton and provide proper and timely aid while he was in their care, control and custody as an inmate at MRDCC.

45.     The Defendants knew of the substantial and excessive risk of serious harm to inmates, including Mr. Burton, due to inmates' unrestricted egress from their cells by "popping" the locks, understaffed units, improperly trained and unqualified correctional officers and supervisors, assaults by other inmates with weapons made from objects, specifically makeshift weapons left accessible to inmates, and not providing proper and timely aid to injured inmates, including Mr. Burton.

46.     The Defendants knew of, yet disregarded, the excessive risk to Mr. Burton's health and safety arising from the practice known as "popping" locks to cell doors allowed by the correctional officers and supervisors to occur by the inmates with impunity, and particularly at times the units were understaffed which occurred with regularity, such that the inmates could come and go at will without being monitored, supervised or controlled, as happened on this date and time, and arising from the known practice of inmates creating makeshift weapons from objects at MRDCC left accessible to the inmates inasmuch as Defendants were aware of inmates "popping" their cell doors and occurrences where inmates had been injured by other inmates

using makeshift weapons or other objects obtained and altered into weapons, yet neither took adequate steps to alleviate the conditions, with willful and wonton negligence and disregard for Mr. Burton's safety which actually, proximately and foreseeably allowed the assailants to attack Mr. Burton, injuring him severely and failing thereafter to render aid timely leading to Mr. Burton's death.

47.     The Defendants duties included, but are not limited to:

a.  Performing security assessments of the units;

b.  Implementing and following proper policies regarding objects that can be made into weapons and access to them by the inmates;

c.  Taking proper measures to secure/lock cell doors or replace the locks on doors within the units to prevent inmate manipulation;

d.  Providing for the safety and well-being of the inmates under their custody and control;

e.  Providing proper placement of correctional officers and inmates throughout the facility;

f.  Correcting unconstitutional conduct of Correctional Officers and Staff working at the facility;

g.  Adequately staffing the facility and individual units;

h.  Maintaining proper correctional officer to inmate ratios;

i.  Adequately hiring, training, and supervising staff at the facility;

j.  Adequately assessing the injuries sustained by an inmate in their custody; and

k.  Promptly and adequately rendering aid regarding injuries sustained by an inmate in their custody.

48. The Defendants breached their duties in the following ways:

    a.  Failing to conduct effective or sufficient security assessments of the units;

    b.  Failing to implement policies and procedures to keep inmates from obtaining objects that can be used or turned into weapons to attack other inmates;

    c.  Failing to prevent or replace locks that are able to be manipulated by inmates;

    d.  Failing to provide for the safety, well-being and security of the inmates under their custody and control;

    e.  Failing to monitor, supervise and control the inmates and their access to the units and other inmates' cells;

    f.  Failing to correct unconstitutional conduct of its Correctional Officers and Staff working at the facility;

    g.  Failing to adequately staff the facility;

    h.  Failing to maintain proper correctional officer to inmate ratios;

    i.  Failing to adequately hire, train, and supervise the staff at the facility; and

    j.  Failing to observe and identify injured inmates; and

    k.  Failing adequately and timely render aid.

49. Defendants failed to adequately protect Mr. Burton while in their custody as the operators, agents, and employees of MRDCC, a Maryland Department of Corrections facility.

50. The Defendants actions or inactions were made under the color of State and local law therefore triggering 42 U.S.C. Section 1983.

51. As a direct and proximate result of the breach of the duties committed by Defendants, Plaintiff, Victoria Burton, the surviving mother of Mr. Burton, pursuant to Maryland Courts and Judicial Proceedings Annotated Code 3-904, sustained pecuniary loss, mental

anguish, emotional pain and suffering, loss of society, companionship, comfort, services, as well as past and future loss of earnings, economic capacity, and enjoyment of life and all damages awardable pursuant to common law and state law arising out of the death of Mr. Burton.

WHEREFORE, Plaintiff, Victoria Ann Burton, demands judgment against Defendants, Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James, jointly and severally, in a sum that exceeds Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs and all other relief deemed necessary and just under the circumstances.

### COUNT II – 42 U.S.C. 1983 (Survival Action)
(Plaintiff v. Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James)

52.     Plaintiff hereby realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 51 as if the same were set forth at length herein.

53.     In committing the acts and omissions complained of herein, the Defendants, Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James acted under the color of state law, to deprive Mr. Burton of his constitutionally protected rights under the Eighth Amendment and Fourteenth Amendment to the Constitution of the United States, and of his civil rights afforded by statute, *viz*., 42 U.S.C. Section 1983, including, but not limited to, the right of reasonable protection of Mr. Burton by the Defendants from harm or assaults with makeshift weapons, or other objects obtained and altered into weapons by the fellow inmates at MRDCC who were able to exit their cells at will by "popping" their doors and gain unauthorized access outside of their cells and to other inmates' cells, including Mr. Burton's, and violently attack, assault and commit

battery upon inmates, including  Mr. Burton, and further by failing to come to the aid and providing appropriate and timely life-saving medical care and support to Mr. Burton.

54.     Defendants Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James were responsible for the operation, control, safety, and security of MRDCC and the inmates housed therein, as well as providing and rendering aid to inmates at MRDCC.

55.     The Defendants were deliberately indifferent and grossly negligent in respect of their non-delegable responsibility and obligation to protect Mr. Burton and provide proper and timely aid while he was in their care, control and custody as an inmate at MRDCC.

56.     The Defendants knew of the substantial and excessive risk of serious harm to inmates, including Mr. Burton, due to inmates' unrestricted egress from their cells by "popping" the locks, understaffed units, improperly trained and unqualified correctional officers and supervisors, assaults by other inmates with weapons made from objects, specifically makeshift weapons left accessible to inmates, and not providing proper and timely aid to injured inmates, including Mr. Burton.

57.     The Defendants knew of, yet disregarded, the excessive risk to Mr. Burton's health and safety arising from the practice known as "popping" locks to cell doors allowed by the correctional officers and supervisors to occur by the inmates with impunity, and particularly at times the units were understaffed which occurred with regularity, such that the inmates could come and go at will without being monitored, supervised or controlled, as happened on this date and time, and arising from the known practice of inmates creating makeshift weapons from objects at MRDCC left accessible to the inmates inasmuch as Defendants were aware of inmates 'popping" their cell doors and occurrences where inmates had been injured by other inmates

using makeshift weapons or other objects obtained and altered into weapons, yet neither took adequate steps to alleviate the conditions, with willful and wonton negligence and disregard for Mr. Burton's safety which actually, proximately and foreseeably allowed the assailants to attack Mr. Burton, injuring him severely and failing thereafter to render aid timely leading to Mr. Burton's death.

58.     The Defendants duties included, but are not limited to:

a.   Performing security assessments of the units;

b.   Implementing and following proper policies regarding objects that can be made into weapons and access to them by the inmates;

c.   Taking proper measures to secure/lock cell doors or replace the locks on doors within the units to prevent inmate manipulation;

d.   Providing for the safety and well-being of the inmates under their custody and control;

e.   Providing proper placement of correctional officers and inmates throughout the facility;

f.   Correcting unconstitutional conduct of Correctional Officers and Staff working at the facility;

g.   Adequately staffing the facility and individual units;

h.   Maintaining proper correctional officer to inmate ratios;

i.   Adequately hiring, training, and supervising staff at the facility;

j.   Adequately assessing the injuries sustained by an inmate in their custody; and

k.   Promptly and adequately rendering aid regarding injuries sustained by an inmate in their custody.

59. The Defendants breached their duties in the following ways:

    a.  Failing to conduct effective or sufficient security assessments of the units;

    b.  Failing to implement policies and procedures to keep inmates from obtaining objects that can be used or turned into weapons to attack other inmates;

    c.  Failing to prevent or replace locks that are able to be manipulated by inmates;

    d.  Failing to provide for the safety, well-being and security of the inmates under their custody and control;

    e.  Failing to monitor, supervise and control the inmates and their access to the units and other inmates' cells;

    f.  Failing to correct unconstitutional conduct of its Correctional Officers and Staff working at the facility;

    g.  Failing to adequately staff the facility;

    h.  Failing to maintain proper correctional officer to inmate ratios;

    i.  Failing to adequately hire, train, and supervise the staff at the facility; and

    j.  Failing to observe and identify injured inmates; and

    k.  Failing adequately and timely render aid.

60. Defendants failed to adequately protect Mr. Burton while in their custody as the operators, agents, and employees of MRDCC, a Maryland Department of Corrections facility.

61. The Defendants actions or inactions were made under the color of State and local law therefore triggering 42 U.S.C. Section 1983.

62. Defendants are liable to Mr. Burton's estate for such damages as might have been recovered by Mr. Burton had he survived the injuries and brought this action, including, but not limited to, claims for conscious pain and suffering, deprivation of rights, medical bills, funeral

expenses, emotional distress, fear and all damages awardable pursuant to common law and state law.

63.    All of Mr. Burton's injuries, losses, and damages are a result of the above-mentioned Defendants' negligence, with no negligence on the part of Mr. Burton contributing thereto.

WHEREFORE, Plaintiff, Victoria Ann Burton, Personal Representative of the Estate of Shane Burton, demands judgment against Defendants, Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James, jointly and severally in a sum that exceeds Seventy-Five Thousand Dollars ($75,000.00), plus interests, costs and all other relief deemed necessary and just under the circumstances.

### COUNT III – Maryland State Declaration of Rights (Wrongful Death)
(Plaintiff v. all Defendants)

64.    Plaintiff hereby realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 63 as if the same were set forth at length herein.

65.    The actions of agents and/or employees of Defendant State of Maryland through Defendant Department of Public Safety and Correctional Services, all of which were committed under the color of their authority as correctional officers, medical and administrative staff at the facility, violated the Maryland Declaration of Rights, including but not limited to the freedom from violence at the hands of other prisoners and to provide proper and timely medical care.

66.    The Defendants engaged in unconstitutional customs, policies and practices that violated the Decedent's rights under the Maryland Declaration of Rights.

67.    As a direct and proximate result of the acts attributed above to Defendant State of Maryland through Defendant Department of Public Safety and Correctional Services' agents and

employees, including, but not limited to, Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James, Mr. Burton was deprived of his rights and immunities secured to him under the Maryland Declaration of Rights, including but not limited to, article 16, article 24 and article 25; his right to the security of his person, the freedom from violence at the hands of other prisoners, proper and timely medical care and not to be subjected to cruel and unusual punishment while incarcerated.

68.   The Defendants duties included, but are not limited to:

a.   Performing security assessments of the units;

b.   Implementing and following proper policies regarding objects that can be made into weapons and access to them by the inmates;

c.   Taking proper measures to secure/lock cell doors or replace the locks on doors within the units to prevent inmate manipulation;

d.   Providing for the safety and well-being of the inmates under their custody and control;

e.   Providing proper placement of correctional officers and inmates throughout the facility;

f.   Correcting unconstitutional conduct of Correctional Officers and Staff working at the facility;

g.   Adequately staffing the facility and individual units;

h.   Maintaining proper correctional officer to inmate ratios;

i.   Adequately hiring, training, and supervising staff at the facility;

j.   Adequately assessing the injuries sustained by an inmate in their custody; and

    k.   Promptly and adequately rendering aid regarding injuries sustained by an inmate in their custody.

69. The Defendants breached their duties in the following ways:

    a.   Failing to conduct effective or sufficient security assessments of the units;

    b.   Failing to implement policies and procedures to keep inmates from obtaining objects that can be used or turned into weapons to attack other inmates;

    c.   Failing to prevent or replace locks that are able to be manipulated by inmates;

    d.   Failing to provide for the safety, well-being and security of the inmates under their custody and control;

    e.   Failing to monitor, supervise and control the inmates and their access to the units and other inmates' cells;

    f.   Failing to correct unconstitutional conduct of its Correctional Officers and Staff working at the facility;

    g.   Failing to adequately staff the facility;

    h.   Failing to maintain proper correctional officer to inmate ratios;

    i.   Failing to adequately hire, train, and supervise the staff at the facility; and

    j.   Failing to observe and identify injured inmates; and

    k.   Failing adequately and timely render aid.

70.    Defendants failed to adequately protect Mr. Burton while in their custody as the operators, agents, and employees of MRDCC, a Maryland Department of Corrections facility.

71.    As the employer for Defendants Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James, Defendant State of Maryland and Department of Public Safety and Correctional Services

are responsible for all the acts and/or omissions committed by Defendant Defendants Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James, who were Defendant State of Maryland and Department of Public Safety and Correctional Services' actual and/or apparent agents, servants, employees, and /or independent contractors acting within the course and scope of their actual and/or apparent agency and/or employment under the doctrine of vicarious liability and/or *respondeat superior*.

72.     Defendants State of Maryland and Department of Public Safety and Correctional Services trained and supervised its employees negligently.

73.     As a direct and proximate result of the actions and omissions, described above, of Defendants State of Maryland, Department of Public Safety and Correctional Services, Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James, Mr. Burton was deprived of his liberty and was caused to suffer severe bodily and emotional injuries, and death.

74.     Defendant State of Maryland has waived its sovereign immunity and assumed liability for the actions of its agents, servants and/or employees who were, at all times relevant to this complaint, acting within the scope of their employment with the Defendant at MRDCC. Defendant State of Maryland is accordingly responsible for the actions and proximately related damages referenced herein pursuant to Maryland State Tort Claims Act, Maryland Annotated Code, *State Government Article* Section 12-101, *et seq*.

75.     As a direct and proximate result of the negligence committed by Defendants, Plaintiff, Victoria Burton, the surviving mother of Mr. Burton, pursuant to Maryland Courts and Judicial Proceedings Annotated Code 3-904,  sustained pecuniary loss, mental anguish,

emotional pain and suffering, loss of society, companionship, comfort, services, as well as past and future loss of earnings, economic capacity, and enjoyment of life and all damages awardable pursuant to common law and state law arising out of the death of Mr. Burton.

WHEREFORE, Plaintiff, Victoria Ann Burton, demands judgment against Defendants, State of Maryland and Department of Public Safety and Correctional Services, jointly and severally, in a sum that exceeds Seventy-Five Thousand Dollars ($75,000.00), plus interests, costs and all other relief deemed necessary and just under the circumstances.

### COUNT IV – Maryland State Declaration of Rights (Survival Action)
(Plaintiff v. all Defendants)

76.     Plaintiff hereby realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 75 as if the same were set forth at length herein.

77.     The actions of agents and/or employees of Defendant State of Maryland through Defendant Department of Public Safety and Correctional Services, all of which were committed under the color of their authority as correctional officers, medical and administrative staff at the facility, violated the Maryland Declaration of Rights, including but not limited to the freedom from violence at the hands of other prisoners and to provide proper and timely medical care.

78.     The Defendants engaged in unconstitutional customs, policies and practices that violated Decedent's rights under the Maryland Declaration of Rights.

79.     As a direct and proximate result of the acts attributed above to Defendant State of Maryland through Defendant Department of Public Safety and Correctional Services' agents and employees, including, but not limited to, Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James, Mr. Burton was deprived of his rights and immunities secured to him under the Maryland Declaration of Rights, including but not limited to, article 16, article 24 and article 25; his right

to the security of his person, the freedom from violence at the hands of other prisoners, proper

and timely medical care and not to be subjected to cruel and unusual punishment while

incarcerated.

80.   The Defendants duties included, but are not limited to:

a.   Performing security assessments of the units;

b.   Implementing and following proper policies regarding objects that can be made

into weapons and access to them by the inmates;

c.   Taking proper measures to secure/lock cell doors or replace the locks on doors

within the units to prevent inmate manipulation;

d.   Providing for the safety and well-being of the inmates under their custody and

control;

e.   Providing proper placement of correctional officers and inmates throughout the

facility;

f.   Correcting unconstitutional conduct of Correctional Officers and Staff working at

the facility;

g.   Adequately staffing the facility and individual units;

h.   Maintaining proper correctional officer to inmate ratios;

i.   Adequately hiring, training, and supervising staff at the facility;

j.   Adequately assessing the injuries sustained by an inmate in their custody; and

k.   Promptly and adequately rendering aid regarding injuries sustained by an inmate

in their custody.

81. The Defendants breached their duties in the following ways:

a.   Failing to conduct effective or sufficient security assessments of the units;

b.  Failing to implement policies and procedures to keep inmates from obtaining objects that can be used or turned into weapons to attack other inmates;

c.  Failing to prevent or replace locks that are able to be manipulated by inmates;

d.  Failing to provide for the safety, well-being and security of the inmates under their custody and control;

e.  Failing to monitor, supervise and control the inmates and their access to the units and other inmates' cells;

f.  Failing to correct unconstitutional conduct of its Correctional Officers and Staff working at the facility;

g.  Failing to adequately staff the facility;

h.  Failing to maintain proper correctional officer to inmate ratios;

i.  Failing to adequately hire, train, and supervise the staff at the facility; and

j.  Failing to observe and identify injured inmates; and

k.  Failing adequately and timely render aid.

82.  Defendants failed to adequately protect Mr. Burton while in their custody as the operators, agents, and employees of MRDCC, a Maryland Department of Corrections facility.

83.  As the employer for Defendants Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James, Defendant State of Maryland and Department of Public Safety and Correctional Services are responsible for all the acts and/or omissions committed by Defendant Defendants Nurudeen Matti, Cynthia Briscoe, Michelle Mann, Ashley Watts, Ashley Watson, Marcella Smith, Jeremiah Kinney, Launcy Omonua, and Alicia James, who were Defendant State of Maryland and Department of Public Safety and Correctional Services' actual and/or apparent

agents, servants, employees, and /or independent contractors acting within the course and scope of their actual and/or apparent agency and/or employment under the doctrine of vicarious liability and/or *respondeat superior*.

84.     Defendants State of Maryland and Department of Public Safety and Correctional Services trained and supervised its employees negligently.

85.     As a direct and proximate result of the actions and omissions of Defendants State of Maryland and Department of Public Safety and Correctional Services, Mr. Burton was deprived of his liberty and was caused to suffer severe bodily and emotional injuries, and death.

86.     Defendant State of Maryland has waived its sovereign immunity and assumed liability for the actions of its agents, servants and/or employees who were, at all times relevant to this complaint, acting within the scope of their employment with the Defendant at MRDCC. Defendant State of Maryland is accordingly responsible for the actions and proximately related damages referenced herein pursuant to Maryland State Tort Claims Act, Maryland Annotated Code, *State Government Article* Section 12-101, *et seq*.

87.     Defendants State of Maryland and Department of Public Safety and Correctional Services are liable to Mr. Burton's Estate for such damages as might have been recovered by Mr. Burton had he survived his injuries and brought this action including, but not limited to, claims for conscious pain and suffering, deprivation of his rights, medical bills, funeral expenses, emotional distress, fear and all damages awardable pursuant to common law and state law.

WHEREFORE, Plaintiff, Victoria Ann Burton, Personal Representative of the Estate of Shane Burton, demands judgment against Defendants, State of Maryland and Department of Public Safety and Correctional Services, jointly and severally, in a sum that exceeds Seventy-

Five Thousand Dollars ($75,000.00), plus interests, costs and all other relief deemed necessary

and just under the circumstances.

Respectfully submitted,

**PRICE BENOWITZ, LLP**

By:     */s/ Arren T. Waldrep*
        Arren T. Waldrep, Esq. (Bar # 14924)
        Justin A. Turner, Esq. (Bar # 20186)
        409 7th Street, N.W., Suite 200
        Washington, D.C. 20004
        Phone: (202) 417-6000
        Facsimile: (301) 244-6659
        Arren@pricebenowitzlaw.com
        jturner@pricebenowitzlaw.com
        *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

By:      */s/ Arren T. Waldrep*
         Arren T. Waldrep, Esq.

**<u>RULE 1-313 CERTIFICATE</u>**

I certify that I am admitted to the practice of law in the State of Maryland, that my Maryland bar status is current and active, and that my District of Columbia office is located at the address listed above.

Date:  08/22/2024                          By:      */s/ Arren T. Waldrep*
                                                         Arren T. Waldrep, Esq.

Date:  08/22/2024                          By:      */s/ Justin A. Turner*
                                                         Justin A. Turner, Esq.